UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | **LACV 20-05351-VAP-RAOx** | Date | August 20, 2020 |
|---|---|---|---|

| Title | *Pouran Mirtaheri v. Sprouts Farmers Market, et al.* |
|---|---|

| Present: The Honorable | VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE |
|---|---|

| Christine Chung | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **MINUTE ORDER DENYING MOTION FOR REMAND (IN CHAMBERS)**

Before the Court is Plaintiff Pouran Mirtaheri's ("Plaintiff") "Motion for Remand" ("Motion"), filed on July 10, 2020. (See Dkt. No. 11.) The Court finds the matter appropriate for resolution without oral argument pursuant to Local Rule 7-15 and VACATES the hearing set on August 31, 2020 at 2:00 p.m. Having considered the papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion for the following reasons.

**I.      Background**

On March 4, 2020, Plaintiff filed a Complaint in the Superior Court for the County of Los Angeles against Defendants Sprouts Farmers Market, Inc., Apollo Global Management, Inc., John Doe 1, and Does 2 to 20. She brought two claims, for premises liability and general negligence. In the Complaint, Plaintiff alleges on July 23, 2019, she was at a Sprouts Farmers Market in Los Angeles, California and "slipped and fell on a slippery food substance," causing her personal injury. (See Compl.) Plaintiff alleges Defendant John Doe 1 was an agent or employee of Defendants who "was in the immediate area of the dangerous condition and knew or should have known there was a slippery food substance on the floor, which created a dangerous condition." (Id. at 5.)

Defendant SF Markets, LLC, erroneously sued and served as Sprouts Farmers Market, Inc., removed the action to this Court on June 16, 2020 on the basis of diversity jurisdiction, 28 U.S.C. § 1332. In its Notice of Removal, Defendant SF Markets, LLC explains the incident giving rise to this lawsuit occurred in California, Plaintiff is a California resident, Defendant SF

Markets, LLC is a limited liability company registered in Delaware with its principal place of business in Arizona, and Plaintiff alleges damages of not less than $250,000.  (See Not. of Removal at 2.)

Plaintiff filed the instant Motion on July 10, 2020.  Defendant SF Markets, LLC, filed Opposition on August 10, 2020.  Plaintiff filed an untimely Reply thereto on August 18, 2020.[1]

## II.     Legal Standard

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action.  A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs.  See 28 U.S.C. § 1332.  Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006).  There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).  A "defendant always has the burden of establishing that removal is proper."  Id.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

## III.    Discussion

In the Motion, Plaintiff argues remand is necessary because when Defendant SF Markets, LLC, removed this action to federal court, it did not establish complete diversity under 28 U.S.C. § 1332(a) and failed to show all Defendants consented to removal.  (See Mot.)  According to Plaintiff, an unnamed Doe Defendant destroys diversity of citizenship.  (Mot at 4.)  Plaintiff also argues Defendant SF Markets, LLC failed to include where its members are domiciled in its Notice of Removal, thereby failing to establish diversity jurisdiction.  (Id.)  Finally, Plaintiff contends Defendant SF Markets, LLC's failure to show all named Defendants have consented to removal warrants remand here.  (Id. at 5.)

In Opposition, Defendant SF Markets, LLC argues the Motion should be denied for three reasons: Plaintiff failed to comply with Local Rule 7-3 before filing the Motion; all named Defendants are diverse from Plaintiff and John Doe 1 is a nominal defendant who cannot destroy diversity jurisdiction; and at the time it removed this action, it was the only Defendant that had been served with the Summons and Complaint, so it was under no obligation to obtain consent to removal from the other Defendants.  (See Opp'n.)

---

[1] Although the Court has discretion not to consider the Reply because it was filed untimely, in the interest of justice, the Court has considered Plaintiff's late-filed Reply.

The Court addresses each argument in turn.[2]

The Court agrees Plaintiff failed to comply with Local Rule 7-3 before filing the Motion and the Motion should be denied for this reason. Local Rule 7-3 states as follows, in pertinent part:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

C.D. Cal. L.R. 7-3. The notice of Motion contains no representation that Local Rule 7-3 was satisfied nor why Plaintiff should be excused from this requirement. In the Reply, Plaintiff argues the Opposition demonstrates any meet and confer efforts before filing the Motion would have been "fruitless." (Reply at 2.) This is not a compelling reason for Plaintiff's failure to comply with Local Rule 7-3. Accordingly, the Court DENIES the Motion for this reason.

Even assuming, arguendo, Plaintiff had satisfied Local Rule 7-3, the Motion also fails on the merits.

As set forth in the Notice of Removal and the Opposition, Plaintiff is diverse from each named Defendant. Defendant John Doe 1, whether a nominal defendant or not, does not destroy diversity here. The removal statute sets forth: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, the Court disregards Defendant John Doe 1's citizenship here. Id.; see also Barrus v. Recontrust Co., N.A., No. C11-618-RSM, 2011 WL 2360206, at *2 (W.D. Wash. June 9, 2011) ("A party cannot defeat removal jurisdiction merely by suing an unknown party under a fictitious name. If and when the parties ascertain the identity of "John Doe Holder," and if Doe's citizenship destroys complete diversity, Plaintiffs may file a motion for remand at that time.").

Next, contrary to Plaintiff's argument, the Court finds Defendant SF Markets, LLC sufficiently set forth the citizenship of its members in the Notice of Removal. The Notice of Removal states SF Markets, LLC is wholly owned by Sprouts Farmers Markets, Inc., which is a citizen of Delaware and Arizona. (See Not. of Removal at ¶ 5.)

Finally, based on the record before it, the Court agrees with Defendant SF Markets, LLC that it need not have obtained the consent of the other Defendants before removing this action to federal court. Plaintiff has not filed any proof of service demonstrating service of the Summons

---

[2] The parties do not dispute the amount in controversy requirement is met here. The only disputes concern whether the parties are completely diverse from each other and whether removal was proper because not all named parties consented to removal.

and Complaint on any other Defendant besides SF Markets, LLC.  Only "defendants who have been 'properly . . . served in the action' must join a petition for removal."  Destfino v. Reiswig, 630 F.3d 952, 956-57 (9th Cir. 2011) (quoting Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)); see Phillips and Stevenson, Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Cal. & 9th Cir. Edition, Ch. 2D-8 at 2:3456 (April 2020 update) ("Thus, a defendant who has been served or who has otherwise acquired notice of a state court action need not seek out and notify codefendants who have not yet been served to ask them to join in the removal.").

In her Reply, Plaintiff contends she served Defendant Apollo Global Management, Inc. with the Summons and Complaint on June 4, 2020 but she has not yet filed the proof of service. (Reply at 3.)  Although that date of service precedes the removal of this action to federal court by 12 days, Plaintiff admits she did not file, nor has she yet filed, a proof of service proving this occurred.  In other words, Plaintiff has not produced any evidence in support of her statement.  Moreover, practically speaking, without the proof of service being filed, Defendant SF Markets, LLC had no notice that any other Defendant had been served in this action.  Further, Defendant Apollo Global Management, Inc. has not appeared in this action, either before the Superior Court or this Court.  Without Plaintiff providing any notice that Defendant Apollo Global Management, Inc. had been served, Defendant SF Markets, LLC reasonably did not seek Defendant Apollo Global Management, Inc.'s consent to remove this action to federal court.

In any event, assuming without deciding Defendant Apollo Global Management, Inc. was served with the Summons and Complaint before this action was removed and has not yet consented to removal, the "failure to consent to removal can be cured prior to entry of judgment."  Cardroom Intern. LLC v. Scheinberg, No. CV 12-02870 MMM (AGRx), 2012 WL 2263330, at *6 (C.D. Cal. June 18, 2012) (citing Destfino, 630 F.3d at 956-57 and Soliman v. Philip Morris, Inc., 311 F.3d 966, 970 (9th Cir. 2002)).  Should Defendant Apollo Global Management, Inc. make an appearance in this case and object to removal timely, the Court will consider a renewed motion to remand at that time.  Alternatively, if Defendant Apollo Global Management, Inc. consents to the removal, Defendant SF Markets, LLC, as the removing Defendant, may cure the procedural defect and obtain a joinder to the removal from Defendant Apollo Global Management before entry of judgment in this case.  See, e.g., Destfino, 630 F.3d at 956-57 (where all defendants did not join initially in the petition for removal, a district court may "allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to entry of judgment."); Losurdo v. JPMorgan Chase Bank, N.A., LA CV16-01409 JAK (AGRx), 2016 WL 8730559, at *6 (C.D. Cal. May 6, 2016) (joinder in the notice of removal filed by a defendant who was served with the complaint and did not consent at the time of removal cured "any procedural defect").

### IV. Conclusion
For the foregoing reasons, the Court DENIES the Motion for Remand.

**IT IS SO ORDERED.**